**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ABRAHAM PORTNOV,**  Plaintiff,  v.  **UNITED STATES DEPARTMENT OF JUSTICE, et al.,**  Defendants. | **REPORT AND RECOMMENDATION**  Case No. 2:18-cv-00303-RJS-PMW  Chief District Judge Robert J. Shelby  Chief Magistrate Judge Paul M. Warner |

Chief District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Abraham Portnov's ("Plaintiff") complaint,[2] as well as several motions filed by Plaintiff.[3] At the outset, the court notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[4] Accordingly, the court will review the sufficiency of Plaintiff's complaint under the authority of the IFP Statute.

---

[1] *See* docket no. 7.

[2] *See* docket no. 3.

[3] *See* docket nos. 8, 15, 18, 19, 20, 23.

[4] *See* docket no. 2.

## BACKGROUND

Plaintiff's complaint is generally confusing and difficult to decipher. The genesis of this case was an interaction that occurred on a cruise ship in Buenos Aires, Argentina, between cruise ship personnel and Plaintiff.

Plaintiff, who resides in Canada, filed suit in federal court in San Jose, California, against the cruise ship company concerning that incident. That case was dismissed by the trial court and the dismissal was affirmed on appeal.

Plaintiff then filed suit in federal court in Seattle, Washington, against the United States and/or the federal Magistrate Judge in California that presided over Plaintiff's federal court case in California. That case was dismissed by the trial court and the dismissal was affirmed on appeal.

Plaintiff then filed suit in the Court of Federal Claims against the United States. Although the subject matter of Plaintiff's complaint in that case is not entirely clear, it appears that Plaintiff's claims involved the original interaction with cruise ship personnel and the proceedings in the California and Washington federal courts. That case was dismissed.

Plaintiff then filed the instant lawsuit, in which he names as defendants the United States Department of Justice ("DOJ") and several DOJ attorneys (collectively, "Defendants"). According to Plaintiff's complaint, Defendants all reside in Washington, D.C. Plaintiff alleges that his claims in this action are not for review of any of the prior courts' decisions. Instead, Plaintiff contends that he is suing Defendants for the "offensive state that [Defendants] allowed

themselves against [Plaintiff], for fixing the [c]ourt's decision to make different meaning of the decision, for deleting [Plaintiff's] documents from the [Court of Federal Claims], for DOJ inaction on [Plaintiff's] information, . . . [and] for intentional judicial mistakes."[5]

## ANALYSIS

### I.  Venue

Under the IFP Statute, the court may, *sua sponte*, determine whether a complaint should be dismissed on the basis of an affirmative defense, such as lack of personal jurisdiction or improper venue. *See Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006). However, "the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id*. at 1217 (quotations and citation omitted). In this case, the defense of improper venue is obvious from the face of Plaintiff's complaint.

The federal statute governing venue in federal courts provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1)(A)-(C).

---

[5] Docket no. 3 at 5.

In this case, it is clear that venue is not proper in the District of Utah. First, Plaintiff alleges that Defendants all reside in Washington, D.C. Second, none of the allegations in Plaintiff's complaint involve any acts or omissions that occurred in the District of Utah. Finally, there is no real property involved in this case, and Plaintiff alleges that he resides in Canada.

For those reasons, the court concludes that the District of Utah is not the proper venue for this action. Having reached that conclusion, the court must determine whether this action should be dismissed or transferred to a court in which venue is proper. *See* 28 U.S.C § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

## II.     Dismissal or Transfer

When determining whether dismissal or transfer is appropriate, the court must explicitly consider which option best serves the interests of justice and provide reasons before dismissing an action. *See Trujillo*, 465 F.3d at 1222-23. The court should consider whether a new action would be barred by a statute of limitations if refiled in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or, on the other hand, if it was clear at the time of filing that jurisdiction was lacking. *See Young v. State Gov't of Okla.*, 98 F. App'x 760, 763-64 (10th Cir. 2004). The *Young* court concluded that a pro se action should be dismissed rather than transferred where the plaintiff's complaint was unlikely to have merit and where he should have been aware that the parties the plaintiff attempted to sue had little or no contact with the chosen forum. *See id*. In that circumstance, the Tenth Circuit concluded it need not examine whether a refiled action would be time barred. *See id*. The court

4

now turns to considering the relevant factors to determine whether dismissal or transfer is appropriate.

### A. Plaintiff's Claims Lack Merit

The court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

As noted previously, Plaintiff's complaint is somewhat confusing and difficult to decipher. Nevertheless, even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff's claims likely have no merit. Plaintiff provides only conclusory

allegations, based almost entirely on speculation and conjecture, and fails to provide any sufficiently detailed factual allegations to support his alleged claims.

### B. Defendants' Lack of Contact with the District of Utah

The court also concludes that Plaintiff should have known the parties he attempted to sue had little or no contact with the District of Utah. Plaintiff's allegations demonstrate that Defendants all reside outside of the District of Utah. Furthermore, none of Plaintiff's allegations describe any conduct that occurred in the District of Utah or implicate any contact Defendants had with the District of Utah. Put simply, none of Plaintiff's allegations even suggest that the subject matter of this action, Defendants, or even Plaintiff, have any connection with the District of Utah.

### C. Dismissal is Appropriate

Having considered the appropriate and relevant factors, the court has determined that dismissal, rather than transfer, is appropriate in this case. Accordingly, the court concludes that this action should be dismissed without prejudice for improper venue under the authority of the IFP Statute.

## III. Plaintiff's Motions

In light of the court's conclusion that this action should be dismissed for improper venue, all of Plaintiff's pending motions should be deemed moot.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED WITHOUT PREJUDICE for improper venue under the authority of the IFP Statute.

      2.      All of Plaintiff's pending motions[6] be deemed MOOT.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of August, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* docket nos. 8, 15, 18, 19, 20, 23.

7