IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ABRAHAM PORTNOV,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>  Defendants. | **ORDER OVERRULING OBJECTION AND DIMISSING THE CASE WITHOUT PREJUDICE**<br><br>Case No. 2:18-cv-303<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

  Proceeding *in forma pauperis*,[1] Plaintiff Abraham Portnov initiated this action on April 17, 2018.[2] The undersigned referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[3] On August 9, 2019, Judge Warner issued a Report and Recommendation.[4] Judge Warner recommends dismissing the action without prejudice for improper venue.[5] Portnov timely objected to Judge Warner's Report and Recommendation,[6] so

---

[1] Dkt. 2.

[2] Dkt. 3.

[3] Dkt. 7.

[4] Dkt. 30.

[5] *Id.* at 3–6.

[6] Dkt. 31.

1

the court reviews Judge Warner's Report and Recommendation de novo.[7] For the reasons explained below, Portnov's Objection[8] is OVERRULED.

Portnov raises three objections to Judge Warner's Report and Recommendation.[9] First, Portnov claims venue is proper in Utah.[10] Portnov's Complaint names as Defendants the United States Department of Justice and several of its employees.[11] Venue is improper in the District of Utah because the named defendants do not reside here, none of the defendants are subject to this court's personal jurisdiction, and Portnov does not allege any actions or omissions in Utah.[12] And even though this case does not involve real property, Portnov does not reside here.[13] Venue is therefore improper.

Second, Portnov argues this court has subject-matter jurisdiction, and should not dismiss the action for improper venue.[14] Pursuant to 28 U.S.C. § 1915(a), Portnov is proceeding *in forma pauperis*.[15] "[U]nder § 1915, the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further

---

[7] Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citation omitted).

[8] Dkt. 31.

[9] Portnov raises several objections to Judge Warner's statement of facts. *See* Dkt. 31 at 1–6. None of these objections bear on Judge Warner's recommendation that this court dismiss the action. Because those objections have no bearing on the disposition of this case, the court does not address those objections here.

[10] Dkt. 31 at 7.

[11] Dkt. 3 at 1, 5 ("My Complaint is not for review of the former court's decision. It is only against the DOJ and the DOJ's Team.").

[12] *See* 28 U.S.C. §§ 1391(b), (e)(1).

[13] *See* 28 U.S.C. § 1391(e)(1)(C) ("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.").

[14] Dkt. 31 at 7.

[15] *See* Dkt. 2.

factual record is required to be developed."[16] As explained above, venue is improper.[17] Furthermore, no allegation in the Complaint would support venue in the District of Utah, and Portnov makes no effort to suggest that he could establish venue here. It is therefore appropriate for this court to dismiss Portnov's action for improper venue.[18]

Finally, Portnov asserts his claims have merit.[19] Under 28 U.S.C. § 1915(e)(2)(B)(ii), this court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." After carefully reviewing Portnov's Complaint, the court concludes Portnov has failed to adequately allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face."[20] Portnov's conclusory allegations will not do.[21] Dismissal is therefore appropriate.[22]

## CONCLUSION

For the foregoing reasons, Portnov's Objection[23] to Judge Warner's Report and Recommendation[24] is OVERRULED. The action is dismissed without prejudice, and Portnov's pending motions are MOOT.[25] The Clerk of Court is directed to close the case.

---

[16] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotation and citation omitted) (emphasis in original); *Johnson v. Christopher*, 233 F. App'x 852, 854 n.3 (10th Cir. 2007) ("Even though improper venue is an affirmative defense that may be waived, we have looked to the purposes of Section 1915(e) and determined that it is nevertheless proper for a district court to dismiss a case where the claim's factual backdrop clearly beckons the defense.") (quotation and citations omitted).

[17] *See Johnson,* 233 F. App'x at 854 ("Venue is clearly inappropriate in the Eastern District because no defendant resides in the Eastern District and no events were alleged to have taken place in the Eastern District.").

[18] *Id.* at 853 (explaining that district courts have the "authority under 28 U.S.C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue.").

[19] Dkt. 31 at 7.

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[21] *Id.*

[22] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[23] Dkt. 31.

[24] Dkt. 30.

[25] Dkts. 8, 15, 18, 19, 20, 23.

SO ORDERED this 3rd day of September, 2019.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge